UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRISCILLA NILES, on behalf of herself
and those similarly situated,

CASE NO.:

    Plaintiff,

v.

EROGEN ENTERPRISES, LLC,
a Georgia Limited Liability Company,
and GENEVA HYLTON, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PRISCILLA NILES ("NILES" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, EROGEN ENTERPRISES, LLC ("EROGEN"), a Georgia Limited Liabiltiy Company, and GENEVA HYLTON, individually ("HYLTON") (collectively, "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for Unlawful Retaliation and Unpaid Wages brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, recover an additional equal amount as liquidated damages,

obtain declaratory relief, and obtain reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Cobb County, Georgia.

5. At all times material hereto, EROGEN was, and continues to be, a Georgia Limited Liability Company.

6. At all times material hereto, EROGEN was, and continues to be, engaged in business in Georgia, with its principal place of business in Fulton County, Georgia.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

10. At all times material hereto, HYLTON was, and continues to be, a

resident of Henry County, Georgia.

11.   At all times material hereto, HYLTON operated EROGEN.

12.   At all times material hereto, HYLTON regularly held and/or exercised the authority to hire and fire employees of EROGEN.

13.   At all times material hereto, HYTON regularly held and/or exercised the authority to determine the work schedules for the employees of EROGEN.

14.   At all times material hereto, HYLTON regularly held and/or exercised the authority control the finances and operations of EROGEN.

15.   By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of EROGEN; (b) determine the work schedules for the employees of EROGEN; and (c) control the finances and operations of EROGEN, HYLTON is an employer as defined by 29 U.S.C. 201 *et. seq.*

16.   Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17.   At all times material hereto, Defendants had more than two employees.

18.   At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

   a.   Operated instrumentalities of commerce;

3

  b. Transported goods in commerce;

  c. Used channels of commerce;

  d. Communicated across state lines; and/or

  e. Performed work essential to any of the preceding activities.

19. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

21. On or about October 2013, Defendants hired Plaintiff to work as a non-exempt, hourly Medical Billing Specialist at the rate of $12.00 per hour.

22. Plaintiff was later promoted to the non-exempt, hourly position of Assistant to the Office Manager and received a raise to $14.00 per hour.

23. Plaintiff was informed by Defendants' Business Manager Randy Divens that her position was not a salaried position and that Defendants do not pay overtime.

24. At various material times hereto, Plaintiff worked for Defendants in

4

excess of forty (40) hours within a work week.

25. From at least October 2013, and continuing through May 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

26. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

27. On May 6, 2016, Plaintiff complained about being under-compensated to Defendants' Business Manager, Randy Divens, and Office Manager, Nannette Divens.

28. On May 11, 2016, Plaintiff filed a complaint with the United States Department of Labor regarding Defendants' illegal pay practices, of failure to pay overtime.

29. On May 12, 2016, less than a week after complaining to management about her unpaid overtime wages and one day after filing a complaint with the Department of Labor, Plaintiff was terminated by Defendants, in retaliation for her complaints.

30. Upon information and belief, the records, to the extent they exist, concerning the number of hours worked and amounts paid to Plaintiff and other

similarly situated employees are in the possession and custody of Defendants.

31. Defendants have violated Title 29 U.S.C. §207 from October 2013, and continuing through May 2016, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

32. Defendants have violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

33. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates required by the FLSA was willful.

34. Defendants' retaliatory conduct against Plaintiff for complaining about Defendants' pay practices was willful.

35. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A.

to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RETALIATION IN VIOLATION OF §215(a)

36. Plaintiff re-alleges and reavers paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37. On May 6, 2016, Plaintiff complained verbally to Defendants' Business Manager, Randy Divens, about the fact that she felt she was being under-compensated because she had never received compensation for her overtime hours. Plaintiff was told she needed to direct her complaint to the Office Manager, Nanette Divens.

38. Accordingly, Plaintiff spoke with Office Manager Nanette Divens regarding her concern that she had never been and was not being compensated for the overtime hours she worked for Defendants.

39. Plaintiff was informed by Nanette Divens that she was not the only employee making this complaint. Plaintiff was further informed that she was "nit picking" and being "petty" simply because she was requesting to be paid in accordance with federal laws for the work she was performing for Defendants.

40. Plaintiff was called into the office of Nanette Divens on five (5) separate occasions between May 6, 2016, the date of her initial complaint to management, and May 12, 2016, the day she was terminated, to discuss her

7

complaint for unpaid wages.

41. Plaintiff refused to back down and repeated that she simply wanted to be fairly compensated, and that pay records would confirm the number of hours she was working.

42. On May 12, 2016, Plaintiff was called into the office and asked, yet again, this time in the presence of all members of management, to confirm that she felt she was being unfairly compensated. Upon Plaintiff's affirmative response, she was directly terminated. Plaintiff immediately requested to know the reason and HYLTON stated that because Plaintiff was displeased, she may be a distraction, and that could flow over onto other employees.

43. Plaintiff did not speak with any other employees regarding her concerns, and approached management directly as instructed to do by Defendants' Open Door Policy in Defendants' Employee Handbook. Nevertheless, Plaintiff was terminated for expressing her concerns in a blatant act of retaliation.

44. Defendants have discriminated and retaliated against Plaintiff because she complained about Defendants' unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

45. Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendants knew or should have known that their actions were in violation of 29 U.S.C. §215(a)(3).

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

48. Plaintiff re-alleges and reavers paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

49. From October 2013, and continuing through May 2016, Plaintiff has worked in excess of the forty (40) hours per week for which Plaintiff was not fully compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

50. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

51. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

52. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should

have known, such was and is due.

53. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

56. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

57. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

58. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3), including unpaid wages, and equal amount in liquidated damages, compensatory damages, and punitive damages;

    d. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    e. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Awarding Plaintiff pre-judgment interest; and

    h. Ordering any other further relief the Court deems just and

proper; and

i. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 29 U.S.C. §216(b), to those similarly situated to Plaintiff.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 27th 2016.

Respectfully submitted,

_____
ANDREW R. FRISCH, ESQUIRE
Georgia Bar No.: 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 333-3013
E-mail: Afrisch@forthepeople.com

*Trial Counsel for Plaintiff*